# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rolando Aldama Ocampo, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 2:20-cv-4466-TMC |
| v. ) | |
| ) | **ORDER** |
| J. Al Cannon, Jr., Willis L. Beatty, ) | |
| Dr. Theodolph Jacobs, Dr. James ) | |
| Hurteau, Gerald Joye, Anthony F. ) | |
| Fishburne, Melissa McDermott, ) | |
| Elijah McPherson, Jose Enrico Pura ) | |
| Ragos, and Tyrone J. Shaw, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Rolando Aldama Ocampo, a pretrial detainee who is represented by counsel, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the Report and Recommendation ("Report") of the magistrate judge (ECF No. 24), recommending that the court grant Defendants' motion to dismiss (ECF No. 17). The parties were advised of their right to file objections to the Report. (ECF No. 24 at 14). No objections have been filed and the time for doing so has expired. Having carefully examined the complaint and the briefs submitted by the parties, the court concludes that the materials before it are

sufficient to permit the court to rule on the motion without a hearing. Local Civil Rule 7.08 (D.S.C.).

## I. Background

In his complaint, Ocampo alleges that on November 18, 2017, while housed at the Al Cannon Detention Center ("ACDC") in Charleston, South Carolina, he reported to Defendant McDermott, a correctional officer at ACDC, that Inmate Damon had stolen from Ocampo. (ECF No. 1 at 4). ACDC officials determined that Damon had committed an infraction and confined him for a period to the Behavioral Modification Unit ("BMU"). *Id*. Damon was also placed on Ocampo's "keep away" list. *Id*.

Ocampo alleges that on December 28, 2017, as a result of this incident, two friends of Damon—inmates Rivers and Edwards—assaulted Ocampo inside of a cell, causing severe injuries. *Id*. at 5. According to the complaint, Ocampo "cried for help" during the assault, and Defendant Joye, an ACDC correctional officer, "was the first to arrive to [Ocampo's] aid and escorted [Ocampo] to his desk." *Id*. At that time, Defendants Shaw, Fishburne, McPherson and Ragos arrived, and Ocampo was subsequently taken to the ACDC medical office. *Id*. Inmate Rivers was placed in the Special Management Unit ("SMU") pending a disciplinary hearing. Ocampo then identified Inmate Edwards as the second assailant, and Defendant Fishburne placed Inmate Edwards in the SMU as well. *Id*. Ocampo was

then transported and admitted to an area hospital; he was released the following day and returned to the ACDC infirmary where he stayed for twelve days. *Id*. at 6. Ocampo asserts that Defendants "failed to keep [him] from his aggressors during the initial attack" and that "enough time elaps[ed] between the attack and intervention for his aggressors to cause serious harm to [Ocampo]." *Id*. at 8.

Upon his release from the infirmary, Ocampo was placed in unit A1D1. *Id*. Inmate Damon was subsequently placed in unit A1D1 as well and assigned to a cell three doors down from Ocampo. *Id*. Ocampo alleges that, because Inmate Damon was on his "keep away" list, it was against ACDC policy to house them in the same unit. *Id*. Shortly after being relocated to unit A1D1, Inmate Damon allegedly entered Ocampo's cell and stated that Ocampo had been assaulted because Ocampo had "ratted" on Damon and caused him to be placed in the BMU. *Id*. Inmate Damon told Ocampo that, as a result of his "ratting," Ocampo owed him ten dollars ($10) per day. *Id*. at 7. After Ocampo reported to officials that Inmate Damon should not have been assigned to his housing unit, Ocampo was re-assigned to a different housing unit. *Id*.

Ocampo filed this action on December 28, 2020, asserting, pursuant to 42 U.S.C. § 1983, that Defendants' conduct abridged his rights under the Fourth, Eighth and Fourteenth Amendments. (ECF No. 1 at 9). Specifically, Ocampo alleges "Defendants had actual or constructive knowledge that Inmate Damon was engaged

3

in conduct that posed a pervasive and unreasonably risk of constitutional injury to [Ocampo]." *Id*. at 10. Ocampo alleges further that "[t]he response of [Defendant] Joye and others to that knowledge was so inadequate as to show deliberate indifference to . . . the alleged offensive practices." *Id*.

On April 26, 2021, Defendants Cannon, Beatty, Joye, Fishburne, McDermott, McPherson, Ragos, and Shaw filed the instant motion to dismiss, arguing that the Fourth Amendment does not apply to Ocampo's conditions-of-confinement claim; that, because Ocampo was a pretrial detainee at the time of the alleged constitutional violations by Defendants, the Eighth Amendment does not apply to his claims; that Ocampo failed to state a claim for deliberate indifference because the complaint does not sufficiently allege personal involvement by any of the defendants in the alleged constitutional deprivations; and that Ocampo failed to allege any facts supporting a supervisory liability claim against Defendants Cannon, Beatty, Shaw and McDermott. (ECF No. 17 at 4–9).[1]

Ocampo filed a response in opposition to the motion to dismiss, arguing primarily that the motion to dismiss is premature because the parties have not yet conducted discovery and noting in particular that discovery was necessary to

---

[1] Defendants Dr. Theodolph Jacobs and Dr. James Hurteau, who are represented by separate counsel, did not join this motion and have not filed a dispositive motion of their own. Defendant Joye shares the same counsel with all other defendants and joins the motion to dismiss as to Ocampo's Fourth and Eighth Amendment claims; however, Defendant Joye does not join the motion to dismiss as to the deliberate indifference claim. (ECF No. 17 at 7 n.4).

determine whether Defendants, all of whom are individuals, violated "their own policies and procedures." (ECF No. 22 at 3). Ocampo requested in the alternative that he be permitted to amend the complaint but provided no proposed amended complaint or description of the allegations that would be added to an amended complaint. *Id*. at 4. Ocampo did not respond to Defendants' arguments pertaining to the Fourth and Eighth Amendments. In reply, Defendants argued that leave to amend should be denied on grounds of futility. (ECF No. 23 at 5).

In her Report, the magistrate judge first noted that "[b]ecause [Ocampo] was a pre-trial detainee during the events at issue, the Fourteenth Amendment governs his constitutional claims in this action." (ECF No. 24 at 5).[2] Accordingly, the magistrate judge concluded that the Fourth and Eighth Amendments were inapplicable and recommended that Ocampo's claims be dismissed to the extent they were asserted under those amendments. *Id*. at 5–6. With respect to Ocampo's deliberate indifference claim, the magistrate judge determined that Ocampo "has not sufficiently alleged Defendants' personal involvement in any alleged constitutional violations." *Id*. at 10. Specifically, the magistrate judge found as to Defendants

---

[2] The complaint alleges Ocampo was "serving his sentence" while housed at ACDC when the alleged events occurred. (ECF No. 1 at 4). But, as argued by Defendants, (ECF No. 17 at 4), and as found by the magistrate judge, (ECF No. 24 at 5), Ocampo was, in fact, a pretrial detainee. Ocampo did not dispute this contention in response to the motion to dismiss, (ECF No. 22), and did not object to this finding in the Report.

Cannon and Beatty, "the Complaint does not mention their involvement in any of the events at issue" and "is entirely devoid of any direct conduct by these Defendants that potentially violated [Ocampo's] constitutional rights," and concluded that "the § 1983 claims against [Cannon and Beatty] based on their direct liability should be dismissed." *Id*. at 10–11. Similarly, the magistrate judge determined that "while the Complaint mentions that Defendants Anthony F. Fishburne, Melissa McDermott, Elijah McPherson, Jose Enrico Pura Ragos, and Tyrone J. Shaw were present after the assault at issue occurred, it does not allege that they personally committed any constitutional violations." *Id*. at 10.

To the extent that Ocampo is asserting claims under § 1983 against Defendants Cannon, Beatty, McDermott, and Shaw in their supervisory or administrative capacities based on the conduct of their subordinates, the magistrate judge found that "there are no allegations that [any of those] Defendants . . . had any knowledge of a pattern of conduct engaged in by a subordinate that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff." *Id*. at 11. Therefore, the magistrate judge concluded that Ocampo's "supervisory liability claims should also be dismissed." *Id*.

Finally, with respect to Ocampo's alternative request that, in the event the court determined the Complaint fails to state a viable claim for relief, he be granted leave to amend the complaint, the magistrate judge pointed out that Ocampo "has

not offered any explanation of how he would remedy the deficiencies in his Complaint, nor has he provided a proposed amended complaint." *Id*. at 12. Therefore, the magistrate judge recommended Ocampo's request to amend be denied as premature. *Id*. As noted previously, no litigant filed objections to the Report despite being advised of the right to do so. *Id*. at 14.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As:*

7

*2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)."  *Id*.  Rule 8(a)(2) requires that a pleading must contain

8

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id*. Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—"'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

After a careful and thorough review of the Complaint and the briefs of the parties under the appropriate standards, as set forth above, the court finds no clear error in the analysis of the magistrate judge and agrees with the magistrate judge's recommendations (1) that Ocampo's Fourth and Eighth Amendment claims should be dismissed in light of his status as a pretrial detainee during the alleged events; (2) that the deliberate indifference claims should be dismissed in view of the absence of factual allegations that any Defendant other than Defendant Joye was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" to the victim and "also dr[ew] the inference," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and (3) that the Complaint lacked allegations that Defendants had knowledge of a pattern of conduct engaged in by a subordinate which posed a pervasive and unreasonable risk of constitutional injury to Ocampo such that he could seek to recover on a supervisory liability theory. *See* (ECF No. 24).

Furthermore, the court agrees with the magistrate judge's recommendation that Ocampo's alternative request under Rule 15(a)(2) of the Federal Rules of Civil

Procedure for leave to amend the complaint be denied as Ocampo "has not offered any explanation of how he would remedy the deficiencies in his Complaint." *Id.* at 12. And, although the magistrate judge found the request for leave to be premature at the time, this is no longer the case as Ocampo has been on notice for more than four months that his complaint is legally insufficient for the reasons set forth in the Report. *See, e.g.*, *Cobb v. South Carolina*, No. 2:13-cv-02370-RMG, 2014 WL 4220423, at *7 (D.S.C. Aug. 25, 2014) ("At this stage in the litigation, Plaintiffs have been on ample notice for some time of the deficiencies of their complaint and have proposed no amendment that would solve them. Therefore, the Court agrees that granting leave to amend at this time would be futile.")

## IV. Conclusion

Accordingly, the court **ADOPTS** the Report (ECF No. 24), which is incorporated herein, and **GRANTS** the motion to dismiss (ECF No. 17). The court hereby **DISMISSES** Ocampo's claims to the extent he asserts them under the Fourth and Eighth Amendments and **DISMISSES** Ocampo's claims under the Fourteenth Amendment as to Defendants Cannon, Beatty, Fishburne, McDermott, McPherson, Ragos, and Shaw. The court **DENIES** leave to Ocampo to amend his complaint. Therefore, Ocampo may proceed on his Fourteenth Amendment claims against Defendants Joye, Dr. Theodolph Jacobs and Dr. James Hurteau. The remaining Defendants are **DISMISSED** from this action.

**It IS SO ORDERED**.

<u>s/ Timothy M. Cain</u>
United States District Judge

October 28, 2020
Anderson, South Carolina

12